**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4430**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARVIN EARL BLANKS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:17-cr-00061-D-1)

Submitted: December 19, 2018                           Decided: January 3, 2019

Before DUNCAN and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Chad E. Rhoades, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Earl Blanks, Jr., appeals the 84-month sentence imposed following his guilty plea to possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Blanks asserts that his sentence is procedurally unreasonable because the district court failed to address adequately his arguments for a lower sentence. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. Ketter*, 908 F.3d 61, 67 (4th Cir. 2018) (internal quotation marks omitted). This standard entails review for both procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, we must consider whether the district court committed "significant procedural error," such as improperly calculating the defendant's Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2012) factors, or inadequately explaining the selected sentence. *Id.*

A sentencing court is obligated to "meaningfully respond to the parties' nonfrivolous arguments and sufficiently explain the chosen sentence," requirements "intended to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Slappy*, 872 F.3d 202, 207-08 (4th Cir. 2017) (internal quotation marks omitted). The district court need not "robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks omitted). However, the court's explanation "must place on the record an individualized

2

assessment based on the particular facts of the case before it," one adequate to "demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (alterations and internal quotation marks omitted).

The "court's explanation of its sentence need not be lengthy, but the court must offer *some* individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553(a)." *Lynn*, 592 F.3d at 584 (internal quotation marks omitted). "[A] perfunctory recitation of the defendant's arguments or the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). But the "court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lower sentence]." *Id.* at 519 (alterations and internal quotation marks omitted). Further, even where the explanation is brief, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

We have thoroughly reviewed the record and conclude that the district court's explanation of Blanks' sentence was adequate to demonstrate its consideration of Blanks' sentencing arguments. The court provided an individualized assessment of Blanks'

3

history, characteristics, and offense conduct and grounded its explanation in the relevant § 3553(a) factors. The court's discussion establishes its consideration of Blanks' arguments regarding his prior criminal history and the need for deterrence, for just punishment, and to promote respect for the law. The court also echoed Blanks' argument that he had accepted responsibility and wished to better himself through education and vocational training by recommending that Blanks be afforded those opportunities during his imprisonment.[*] *See Blue*, 877 F.3d at 521 (recognizing that a reviewing court may infer the district court's consideration of sentencing argument "where the sentence imposed is explicitly tailored to address a defendant's individual characteristics, such as requiring substance abuse treatment for defendants who struggle with drug and alcohol abuse issues"). Thus, we conclude that the court's statements, viewed in their appropriate context, adequately reveal the court's consideration of, and basis for rejecting, Blanks' sentencing arguments.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Even assuming, without deciding, that the district court's explanation inadequately addressed Blanks' acceptance of responsibility, we readily conclude that any error in this regard is harmless. *See United States v. Boulware*, 604 F.3d 832, 838-39 (4th Cir. 2010) (discussing harmlessness).